UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANJAY NARAYANAN and ROZ SAEDI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 5:24-cv-07286-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: ECF No. 29 |

Sanjay Narayanan and Roz Saedi ("Plaintiffs"), individually and on behalf of all others similarly situated, bring claims for harm arising out of alleged defects in the lithium-ion batteries installed in various Apple products. First Am. Compl. ("FAC"), ECF No. 25. Defendant Apple Inc. ("Apple") moves to dismiss Plaintiffs' FAC under Rule 12(b)(6) for failure to state a claim. Def.'s Mot. to Dismiss ("Mot."), ECF No. 29. Plaintiffs filed an Opposition, to which Defendant filed a Reply. Pls.' Opp'n. to Mot. to Dismiss ("Opp."), ECF No. 32; Reply, ECF No. 35. Having reviewed the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the reasons explained below, the Court GRANTS IN PART and DENIES IN PART Apple's motion to dismiss.

## I.   BACKGROUND

### A. Parties

Mr. Narayanan currently lives in Florida. FAC ¶ 11. He purchased an Apple MacBook Pro and Magic Trackpad. *Id.* ¶ 58, 78. Ms. Saedi lives in California, where she purchased an Apple MacBook Air. *Id.* ¶¶ 12, 85. Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs

**Case No.: 5:24-cv-07286-EJD**
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

bring this class action on behalf of either a nationwide class or, in the alternative, two multi-state classes of "consumers who purchased Apple MacBook Pro laptops equipped with Apple OEM lithium-ion batteries, Apple Magic Trackpads, or Apple OEM lithium-ion batteries for use in an Apple device." *Id.* ¶¶ 1, 97.

Defendant, Apple Inc., is a California-based technology company that designs, sells, and markets smartphones, personal computers, tablets, watches, and accessories, including the MacBook Pro, MacBook Air, and Magic Trackpad. *Id.* ¶ 2.

### B. Factual Background

In March 2017, while living in Massachusetts, Mr. Narayanan purchased a new MacBook Pro from Amazon. *Id.* ¶ 58. Mr. Narayanan alleges that in or around late 2020, his laptop began to have problems—that it "was overheating and was swollen, preventing the device from being able to sit flush on a flat surface." *Id*. On or around April 7, 2021, Mr. Narayanan took his laptop to an Apple store in Estero, Florida, to have the battery replaced. *Id.* ¶ 72. According to Mr. Narayanan, the employees there told him that his laptop would need to be shipped to the repair center by ground transport because the battery was a fire risk. *Id.* ¶ 73. Because his laptop was beyond the warranty period—at this point, it was four years old—Mr. Narayanan paid $199 plus tax for the new battery. *Id.* ¶ 72. Three years later, in May 2024, Mr. Narayanan alleges that he again experienced "overheating and an expansion issue with this laptop." *Id.* ¶ 75. He took his laptop to the same Apple store and paid to have the battery replaced a second time. *Id.* Mr. Narayanan claims that even with this new battery, "it is clear from the continued issues with [his] laptop that the defect remains." *Id.* ¶ 77.

In or about 2021, Mr. Narayanan purchased a new Magic Trackpad on Best Buy's website. *Id.* ¶ 78. Mr. Narayanan alleges that in or about early 2022, the trackpad "began having issues of battery swelling resulting in the device coming apart at the seams." *Id.* ¶ 81. He claims that due to the battery swelling, he "can no longer use the device as intended." *Id.*

Ms. Saedi lives in California. *Id.* ¶ 12. In or about December 2018, while living in California, Ms. Saedi purchased a MacBook Air on Costco's website. *Id.* ¶ 85. "Over time," Ms.

Case No.: 5:24-cv-07286-EJD
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

2

Saedi claims, she "began experiencing problems with her laptop.  The laptop was overheating to the point where she could not comfortably or safely use the device." *Id.* ¶ 94.  The overheating, Ms. Saedi alleges, "caus[ed] damage to the device itself and pos[ed] burn risks . . . to the point where she can no longer use the device." *Id.* ¶ 95.

Anonymous users have also reported issues with the batteries in their devices. *See id.* ¶¶ 29–42, 52.  Reports to the United States Consumer Product Safety Commission ("CPSC") and on Apple's anonymous discussion forum describe laptop batteries that caught fire, smoked, overheated, or felt hot to the touch. *Id.* ¶¶ 29–31, 33–37.  And three reports on various forums describe swollen Magic Trackpad batteries. *Id.* ¶¶ 40–42.

Both Mr. Narayanan and Ms. Saedi claim that they relied on Apple's representations in making their purchases.  Mr. Narayanan states that before he purchased his MacBook Pro, he reviewed Apple's descriptions of the laptop ("a powerful notebook computer . . . loaded with advanced power management features and an integrated lithium polymer battery") and the battery (a "[r]echargeable lithium-ion technology provides the best performance for your device"). *Id.* ¶ 61, 65.  Before he purchased the Magic Trackpad, Mr. Narayanan claims he "reviewed the advertisements" for that device. *Id.* ¶ 79.  Similarly, Ms. Saedi says that before she bought her MacBook Air, she reviewed advertisements for that laptop (as having "all-day battery life" and "is about to make you fall in love all over again") and a description of the battery (a "[r]echargeable lithium-ion technology provides the best performance for your device"). *Id.* ¶ 86, 89.

Plaintiffs bring seven claims: breach of the implied warranty of merchantability, violations of California's Unfair Competition Law ("UCL"), violations of California's Consumer Legal Remedies Act ("CLRA"), unjust enrichment, breach of express warranties, violations of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act") and fraud by omission. *Id.* ¶ 110–226.  Plaintiffs seek compensatory and punitive damages, injunctive relief, disgorgement, and restitution. *Id.* ¶ 227.

Case No.: 5:24-cv-07286-EJD
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**
3

## II.    REQUESTS FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE

Before turning to the motion to dismiss, the Court will first address Defendant's request that the Court consider Apple's limited warranties and product manuals. In general, a court may not consider material beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018). The only exceptions to this rule are documents that are the subject of judicial notice, appended to the complaint, or incorporated by reference. *Id.*

Apple asks the Court to consider five documents under these exceptions. *See* Request for Judicial Notice ("RJN"), ECF No. 29-1. These include the limited warranties for Plaintiffs' MacBook Pro, MacBook Air, and Magic Trackpad devices and the manuals for Plaintiffs' MacBook Pro and MacBook Air devices. RJN at 1–3.

First, the Court will consider the request for judicial notice. Judicial notice permits courts to consider facts that are not subject to reasonable dispute. *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201). A court may also consider matters that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Roca v. Wells Fargo Bank, N.A.*, 2016 WL 368153, at *3 (N.D. Cal. Feb. 1, 2016) (quoting Fed. R. Evid. 201(b)). All the documents that Defendant has provided are publicly available. Moreover, Plaintiffs do not contest their authenticity or existence. Consequently, the Court takes judicial notice of each of these documents.

Next, the Court will consider the request that the documents be incorporated by reference. Incorporation by reference permits courts to treat an extrinsic document as if it were "part of the complaint itself," but only if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). This "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* (citation omitted). Courts may incorporate documents or

Case No.: 5:24-cv-07286-EJD
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

portions thereof that are not expressly referenced in the complaint if the claims depend on documents' contents. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (affirming incorporation by reference of webpages surrounding photographs to provide crucial context for defamation claims). Once incorporated, the Court may assume the entire document is true for purposes of a motion to dismiss. *Ritchie*, 342 F.3d at 908.

Here, Plaintiffs rely on statements in the limited warranties (Exhibits A–C) and user manuals (Exhibits D–E) to form the basis of their claims. With respect to the warranties, the amended complaint claims that Mr. Narayanan paid full price for a replacement battery because his MacBook Pro was "beyond the warranty period" and that "Defendant had an obligation . . . even after the warranty period ended"; it also alleges a breach of express warranties and contests the disclaimer of implied warranties. FAC ¶¶ 72, 155, 179–99, 117. With respect to the user manuals, the amended complaint alleges that the "statements regarding the safe use of laptops in the manual . . . constituted partial representations that triggered a duty to disclose" and that Plaintiffs "specifically relied on representations . . . [in] User Manuals." FAC ¶¶ 135, 138. Because Plaintiffs rely on the warranties and manuals to state their claims, the Court will consider these materials to be incorporated by reference.

### III. MOTION TO DISMISS

#### A. Legal Standard

##### 1. Rule 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). In deciding whether to grant a motion to dismiss under Rule 12(b)(6), the court must generally accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). While a plaintiff need not offer detailed factual allegations to meet this standard, she is required to offer "sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must construe those

Case No.: 5:24-cv-07286-EJD
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

United States District Court
Northern District of California

facts in the light most favorable to the plaintiff. *See Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) ("[The court] must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party."). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

### 2. Rule 9(b)

Claims sounding in fraud must also meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Vess v. Ciba-Geigy Corp.* USA, 317 F.3d 1097, 1102–03 (9th Cir. 2003). Under Rule 9(b), a party "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The circumstances constituting fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). That means that a party alleging fraud must plead "the who, what, when, where, and how" of the misconduct. *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

### B. Discussion

In moving to dismiss Plaintiffs' FAC, Apple raises six broad arguments. First, Apple argues that Plaintiffs do not satisfy the requirements of Rule 8 for all claims and of Rule 9 for their claims sounding in fraud (including the UCL claims, the CLRA claims, and the fraud by omission claims). Mot. at 2–5. Second, Apple contends that the statute of limitations bars all the claims relating to Mr. Narayanan and Ms. Saedi's laptops as well as the CLRA and fraud by omission claims relating to Mr. Narayanan's trackpad. *Id.* at 5–7. Third, Apple asserts that the warranty claims—for violations of the implied and express warranty and thus of the Song-Beverly Act—are deficient for a variety of reasons. *Id.* at 7–10. Fourth, Apple believes that the UCL, CLRA, and fraud by omission claims should be dismissed because Plaintiffs did not adequately allege a misrepresentation or omission and reliance and because Mr. Narayanan does not live in California and did not purchase his Apple products here. *Id.* at 10–14. Fifth, Apple posits that Plaintiffs may

Case No.: 5:24-cv-07286-EJD
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

United States District Court
Northern District of California

not plead both legal and equitable claims when—as here—a legal remedy alone would be adequate. *Id*. at 14–15. Thus, Apple believes the equitable claims for UCL violations and unjust enrichment should be dismissed. *Id*. Finally, Apple asserts that Plaintiffs may not raise class-wide claims and force discovery based on products that Plaintiffs did not buy. *Id.* at 15.

The Court will first consider whether the statute of limitations bars any of the claims. Then the Court will analyze any remaining claims on the merits.

### 1. Statute of Limitations

#### a. Mr. Narayanan's MacBook Pro

##### i. Claims Not Governed by the Discovery Rule

Mr. Narayanan purchased his MacBook Pro in March 2017. FAC ¶ 58. He alleges he began experiencing problems with his laptop "in or around late 2020" and that he had the battery replaced in April 2021 and May 2024. *Id.* ¶¶ 72, 75. Mr. Narayanan filed his lawsuit in October 2024. Defendant argues that Mr. Narayanan's claims for his MacBook Pro are barred by various statutes of limitations.[1] Mot. at 9–11.

Plaintiffs attempt to toll the statute of limitations by alleging fraudulent concealment. They believe that "Defendant had superior knowledge of the defect in the Defective Devices and withheld that information" from Plaintiffs. Opp. at 7. To support this contention, they point to eight complaints submitted to the CPSC and the 2019 recall, and they argue that Apple failed to disclose that its batteries "pose an unreasonable safety risk." FAC ¶¶ 43–57, 90. Under this scenario, it seems Plaintiffs believe the statute of limitations did not start to run until 2024. Defendant rejects Plaintiffs' attempt to invoke fraudulent concealment, arguing they did not "plead with particularity the facts giving rise to the fraudulent concealment claim and . . . establish that they used due diligence in trying to uncover the facts." *Id.* at 10 (quoting *In re ZF-TRW*

---

[1] If, in the future, Defendant seeks dismissal because the statute of limitations has run, Defendant should provide the Court with a clear statement of the facts and applicable law for each claim rather than a scattershot sampling of statutes. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

Case No.: 5:24-cv-07286-EJD
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**
7

*Airbag Control Units Prods. Liab. Litig.*, 601 F. Supp. 3d 625, 812 (C.D. Cal. 2022)).

A plaintiff who wishes to invoke fraudulent concealment to toll the statute of limitations "must plead with particularity the facts giving rise to the fraudulent concealment claim and must establish that they used due diligence in trying to uncover the facts." *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1415–16 (9th Cir. 1987).  Silence or passive conduct does not constitute fraudulent concealment, *id.* at 1416, unless the defendant has a fiduciary duty to disclose information to the plaintiff. *Rutledge v. Bos. Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978).  But if there is no fiduciary duty, a plaintiff must plead "affirmative representations." *Stark v. Patreon, Inc.*, 656 F. Supp. 3d 1018, 1040 (N.D. Cal. 2023).

Here, Plaintiffs do not plead a fiduciary duty, so they must plead affirmative misrepresentations to toll the statute of limitations.  They do not do so.  Plaintiffs point to a statement on Apple's website describing "[r]echargeable lithium-ion technology" that "provides the best performance for your device." *Id.* ¶ 89.  But this is exactly the kind of "vague or highly subjective claim[] about product superiority" that this Court has previously found amounts to "non-actionable puffery." *Williamson v. Apple, Inc.*, No. 5:11-CV-00377-EJD, 2012 WL 3835104, at *5 (N.D. Cal. Sept. 4, 2012) (citing *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997)).  Because Plaintiffs plead neither a fiduciary duty nor an affirmative misrepresentation, they cannot invoke fraudulent concealment to toll the statute of limitations on their claims.

Yet Plaintiffs' failure to plead fraudulent concealment does not necessarily mean Mr. Narayanan's claims are untimely.  It is not clear whether Mr. Narayanan's claims regarding his MacBook Pro arise from the laptop, which he purchased in March 2017; from the original battery, which came with the laptop in 2017; from the first replacement battery, which he purchased in April 2021; or from the second replacement battery, which he purchased in May 2024.  If Mr. Narayanan is pleading that the laptop was defectively designed, then many of his claims would accrue in 2017.  But if he is claiming that one or more of the batteries were defectively designed, then his claims would accrue when he purchased those batteries—potentially as late as May 2024.

**Case No.: 5:24-cv-07286-EJD**
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

8

United States District Court
Northern District of California

Despite this lack of clarity, the Court adheres to the standard set by Rule 12(b)(6) and interprets the pleading in the light most favorable to the non-moving party. *See Retail Prop. Trust v. United Bd. of Carpenters*, 768 F.3d at 945 ("[The court] must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party."). Viewed in that light, there is a "set of facts that would establish the timeliness of the claim": that some or all of Mr. Narayanan's claims arise from his replacement batteries rather than his laptop. *Supermail Cargo, Inc.*, 68 F.3d at 1207. As a result, the Court will allow Mr. Narayanan's claims to go forward. But the Court notes that Defendant raises legitimate statute of limitations concerns—concerns that may have gone into more detail had the FAC been pled with more specificity. *See* Mot. at 9–11. Any future pleading from Mr. Narayanan will need to clarify whether his claims arise from his laptop or the replacement batteries, and any future motions from Defendant will need to enumerate which statutes of limitations apply.

### ii. Claims Governed by the Discovery Rule

Plaintiffs raise the discovery rule as a defense to the statute of limitations—though it is not clear to which claims they believe the discovery rule applies.[2] *See* Opp. at 7.

For claims where the discovery rule applies, "the limitations period begins when the plaintiff suspects, or should suspect, that she has been wronged." *Finney v. Ford Motor Co.*, No. 17-CV-06183-JST, 2019 WL 79033, at *3 (N.D. Cal. Jan. 2, 2019). To avail themselves of the discovery rule, plaintiffs "must specifically plead facts to show (1) the time and manner of

---

[2] Plaintiffs merely state that they "could not reasonably have discovered the defect in their *own* devices . . . until they experienced battery failures." Opp. at 7. And Plaintiffs and Defendant dispute whether the discovery rule applies to Florida unjust enrichment claims and Massachusetts warranty claims. Mot. at 10; Opp. at 7 n.1. That accounts for two of Mr. Narayanan's fifteen claims against which Defendants have generally asserted the statute of limitations as a defense. For the remaining thirteen claims—including implied warranty, unjust enrichment, express warranty, and fraud by omission claims in three states each, plus UCL, CLRA, and Song-Beverly claims in California—Plaintiffs do not say whether they believe the discovery rule applies. Plaintiffs are only saved by the fact that there are four different dates on which Mr. Narayanan may have discovered his claims, and some of those dates would put all his claims within the limitations period.

Case No.: 5:24-cv-07286-EJD
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**
9

discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005).

Defendant argues that the 2019 recall of other MacBook Pro models should have led Plaintiffs to suspect something was wrong with their laptop models, as well. Mot. at 10. Plaintiffs disagree, arguing that it is unreasonable to expect that the June 2019 recall of other MacBook models put them on notice of potential defects in their own devices, which were not included in the recall. Opp. at 7. They contend they "could not have reasonably discovered the defect in their *own* devices – which are outside those recalled – until they experienced battery failures." *Id.* Under Plaintiffs' theory, Mr. Narayanan was put on notice of the alleged defects in his laptop in late 2020, when he began to have problems with his laptop; in April 2021, when he first had his battery replaced; or in May 2024, when he had his battery replaced a second time.

In sum, there are four different dates when Mr. Narayanan could be considered to have been on notice of his laptop's alleged defects: the 2019 recall or the three dates when the batteries began having problems. But in the Ninth Circuit, "[a] motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). Indeed, a court cannot dismiss a complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* at 1207. Here, that is not the case: there is a version of the facts that, if proven, could toll the limitations period until May 2024. Were that the case, all of Mr. Narayanan's claims would be timely. Consequently, the Court declines to dismiss any of Mr. Narayanan's claims that are subject to the discovery rule.

### b. Mr. Narayanan's Magic TrackPad

Mr. Narayanan purchased his Magic Trackpad "in or about 2021." FAC ¶ 78. He alleges that the battery began to swell "in or about early 2022," leading the trackpad to come apart at the seams. *Id.* ¶ 81. Mr. Narayanan filed his lawsuit in October 2024. Defendant argues that Mr.

Case No.: 5:24-cv-07286-EJD
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**
10

United States District Court
Northern District of California

Narayanan's CLRA and California fraud claims relating to the trackpad are barred by the relevant statutes of limitations.  Mot. at 9.

### i.    CLRA Claim for Magic Trackpad

The CLRA allows consumers "three years from the date of the commission" to bring a claim.  Cal. Civ. Code § 1783.  Because the CLRA protects consumers from unfair and deceptive business practices—which may be difficult to detect—the discovery rule applies.  *See Medina v. St. George Auto Sales, Inc.*, 103 Cal. App. 5th 1194, 1205 (2024).

Mr. Narayanan's trackpad began having issues "in or about early 2022."  FAC ¶ 81.  This put Mr. Narayanan on notice of the issues with his trackpad and set the clock running on the statute of limitations.  He filed suit in October 2024—before the statute of limitations was set to expire in early 2025.  As a result, this claim is not time-barred.

### ii.    California Fraud Claim for Magic Trackpad

California law provides a three-year statute of limitations for fraud claims.  Cal. Civ. Proc. Code § 338(d).  That period begins to run when "the plaintiff has actual or constructive notice of the facts constituting the fraud."  *Szinegh v. Ultimate Mgmt.*, *Inc.*, No. EDCV131115GAFSPX, 2013 WL 12182675, at *7 (C.D. Cal. Nov. 14, 2013) (citing *Robuck v. Dean Witter & Co., Inc.*, 649 F.2d 641, 644 (9th Cir. 1980)) (internal quotations omitted).

The analysis here is thus same as for Mr. Narayanan's CLRA claim: he discovered the issue "in or about early 2022" and filed his claim in October 2024. FAC ¶ 81.  The statute of limitations does not bar this claim.

### c.    Ms. Saedi's MacBook Air

Ms. Saedi purchased her MacBook Air "in or about December 2018."  FAC ¶ 85.  She alleges she began experiencing problems with her laptop "over time."  *Id.* ¶ 94.  This suit was filed in October 2024.  Defendant argues that Ms. Saedi's claims are barred by various statutes of limitations.  Mot. at 9–11.

As with Mr. Narayanan's MacBook Pro claims, Ms. Saedi has failed to plead fraudulent concealment.  *See supra* Part III.B.1.a.i.  Mr. Narayanan's claims nonetheless survived because the

Case No.: 5:24-cv-07286-EJD
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**
11

purchase of the laptop and the two replacement batteries gave three possible dates on which Mr. Narayanan's claims may have accrued. *Id.* Here, however, Ms. Saedi only made one purchase on one date: she bought her MacBook Air in December 2018. All of her claims have a limitations period of, at most, four years. *See, e.g.,* Cal. Com. Code § 2725 (four years for breach of implied warranty); Cal. Bus. & Prof. Code § 17208 (four years for UCL); Cal. Civ. Code § 1783 (three years for CLRA); Cal. Civ. Proc. Code § 338(d) (three years for unjust enrichment on the grounds of fraud or mistake); Cal. Com. Code § 2725 (four years for breach of express warranty). That means her claims expired, at the latest, in December 2022. Unless the discovery rule applies, all of Ms. Saedi's claims are time-barred.

The issue for Ms. Saedi, then, is whether her claims are saved by the discovery rule. Plaintiffs failed to clearly state to which claims the discovery rule applies. *See* Opp. at 7. For the discovery rule to apply, a plaintiff must specifically plead both when and how they discovered the problem and why they could not have discovered it earlier. *See supra* Part III.B.1.a.i. Ms. Saedi has not met this burden. In merely stating that her problems began "over time," she has failed to allege sufficient facts to show the time and manner of discovery. FAC ¶ 94. Thus, the Court DISMISSES these claims with leave to amend.

### 2. Implied Warranty of Merchantability (Count I)

#### a. Mr. Narayanan's MacBook Pro

Plaintiffs allege that Defendant breached the implied warranty of merchantability under California, Florida, and Massachusetts law. *See* FAC ¶¶ 111–17. They allege that the devices were unsafe (and thus defective) and that the warranty is unconscionable because they did not have the chance to review it before they bought their devices. *Id.* ¶¶ 114–15, 117. In moving to dismiss, Apple contends that their limited warranties disclaim implied warranties or limit them to one year and that those warranties are not unconscionable. Mot. at 11–13. Apple further argues that even if these implied warranties were not disclaimed, the alleged defects that Mr. Narayanan describes do not render his laptop unmerchantable. *Id.*

The Court will first consider whether Apple disclaimed or limited the implied warranty of

Case No.: 5:24-cv-07286-EJD
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**
12

United States District Court
Northern District of California

merchantability.  Sellers in California, Florida, and Massachusetts may modify or exclude the implied warranty of merchantability with a conspicuous disclaimer.  Cal. Com. Code § 2316(2) ("the language must mention merchantability and in case of a writing must be conspicuous"); Fla. Stat. § 672.316 (same); Mass. Gen. Laws ch. 106 § 2-316(2) (same).  Here, Apple did just that: the first page of the warranty clearly states that Apple disclaims "WARRANTIES OF MERCHANTABILITY" (capital letters in original).  Chorba Decl. Ex. A.  This is a conspicuous disclaimer.  *See Ocampo v. Apple Inc.*, No. 5:20-CV-05857-EJD, 2022 WL 767614, at *5 (N.D. Cal. Mar. 14, 2022) (finding this same warranty disclaimed or limited all implied warranties).

Is this disclaimer unconscionable, as Plaintiffs claim?  No, it is not.  Unconscionability requires some mix of procedural and substantive unconscionability: the two concepts sit on a sliding scale.  *See Carboni v. Arrospide*, 2 Cal. App. 4th 76, 83 (1991) ("the greater the degree of substantive unconscionability, the less the degree of procedural unconscionability that is required"); *Murphy v. Courtesy Ford, L.L.C.*, 944 So. 2d 1131, 1134 (Fla. Dist. Ct. App. 2006); *Machado v. System4 LLC*, 28 N.E.3d 401, 414 (2015).  Here, Mr. Narayanan seems to be alleging that the warranty was procedurally unconscionable because he "did not receive or otherwise have the opportunity to review, at or before the time of sale, any purported warranty exclusions."  FAC ¶ 117.  But these reasons do not constitute procedural unconscionability.  Rather, procedural unconscionability requires oppression—where the weaker party had no meaningful choice—or surprise, where critical terms were buried in a lengthy document.  *Carboni*, 2 Cal. App. 4th at 82–83; *Machado*, 28 N.E.3d at 414.  Mr. Narayanan does not allege that he did not have a choice in which brand of laptop to buy, nor does he allege that the critical terms disclaiming the implied warranty were buried deep in Apple's express warranty.  As a result, the disclaimer was not unconscionable.  *See, e.g. Tabak v. Apple, Inc.*, No. 19-CV-02455-JST, 2020 WL 9066153, at *12 (N.D. Cal. Jan. 30, 2020) (rejecting allegations that an express warranty was procedurally unconscionable on the grounds that plaintiffs did not allege they lacked other options or that they were surprised by the warranty's terms).

Because the warranty clearly disclaimed any implied warranties, and because that warranty

Case No.: 5:24-cv-07286-EJD
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

was not unconscionable, Mr. Narayanan may not sue based on the implied warranty of merchantability.

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 701 (9th Cir. 2011). "Absent a showing of prejudice, delay, bad faith, or futility, there is a strong presumption in favor of granting leave to amend." *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 956 (N.D. Cal. 2017) (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), *aff'd*, 745 F. App'x 8 (9th Cir. 2018). It is possible—though unlikely—that Mr. Narayanan could plead additional facts establishing oppression or surprise. Given the presumption in favor of granting leave to amend, the Court DISMISSES this claim with leave to amend.

### b. Mr. Narayanan's Magic Trackpad

On its face, this claim appears to be similar to Mr. Narayanan's laptop-based claim. Plaintiffs allege that Defendant breached the implied warranty of merchantability because the trackpad was unsafe, and they contend the warranty unconscionable because Mr. Narayanan did not have a chance to review it before purchasing the device. *Id.* ¶¶ 114–15, 117. Apple contends that their limited warranties disclaim implied warranties or limit them to one year; they say those warranties are not unconscionable; and they argue that even if the warranty applies, the alleged defects in the trackpad do not render it unmerchantable. Mot. at 11–13.

But the question here is: which warranty applies to the trackpad? It is not clear. One reason for this could be Mr. Narayanan did not specify on which date—or even which month—he bought his trackpad. Mr. Narayanan bought his trackpad "in or about 2021." FAC ¶ 78. That may mean one of two warranties might apply: the one for products purchased between July 12, 2018, and January 26, 2021 (Chorba Decl. Ex. B); or one for products purchased between January 20, 2021, and October 5, 2021 (Chorba Decl. Ex. C).

The confusion here might also arise from a lack of clarity in Defendant's briefing. In their motion to dismiss, Apple states that the relevant laptop warranties disclaim statutory and implied warranties, and then cites to Exhibits A and B. Mot. at 11–12. And in their request for judicial

Case No.: 5:24-cv-07286-EJD
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**
14

United States District Court
Northern District of California

notice, they refer to the accessory warranty and cite to Exhibit C. RJN at 1. Together, these statements seem to indicate that Exhibit C is the warranty for the trackpad. But Defendant states that Exhibits B and C are referenced in the exact same paragraphs of the FAC, which does not allow the Court to determine which warranty applies to the trackpad. *Id.* at 2.

Determining which warranty applies is critical because one disclaims the implied warranty of merchantability and the other does not. The earlier warranty states, "APPLE DISCLAIMS ALL STATUTORY AND IMPLIED WARRANTIES, INCLUDING WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY" (capital letters in original). Chorba Decl. Ex. B. If that warranty applies to the trackpad, then the implied warranty of merchantability was disclaimed, and this claim cannot proceed. *See supra* Part III.B.2.a. The later warranty, however, does not seem to disclaim the implied warranty of merchantability; it merely limits the warranty's duration to one year. *See generally* Chorba Decl., Ex. C. If this warranty applies to the trackpad, and Apple did not disclaim it, the Court could proceed to analyze whether the alleged defects in the trackpad rendered it unmerchantable.

Because Mr. Narayanan did not plead when he bought the trackpad with sufficient specificity, and because that may have prevented Defendant from addressing which warranty should apply, this claim is DISMISSED with leave to amend.

### 3. Song-Beverly Act (Count VI)

#### a. Mr. Narayanan's MacBook Pro

Plaintiffs claim that, in allegedly breaching the implied warranty of merchantability, Apple violated the Song-Beverly Act. FAC ¶¶ 207–10. In moving to dismiss, Defendant contends that the Song-Beverly Act does not apply to any of Mr. Narayanan's purchases because he did not purchase his items in California. Mot. at 14; Reply at 8.

Defendant is correct: the Song-Beverly Act only applies to consumer goods that are "sold at retail in [California]." Cal. Civ. Code § 1792. Mr. Narayanan bought his MacBook Pro through Amazon while living in Boston, Massachusetts, and he bought the replacement batteries while living in Florida. FAC ¶¶ 58, 72, 75. Because Mr. Narayanan did not make any of these

Case No.: 5:24-cv-07286-EJD
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

15

United States District Court
Northern District of California

purchases "at retail in [California]," he may not use them as the basis for a Song-Beverly claim. *See In re SanDisk SSDs Litig.*, 736 F. Supp. 3d 786, 792 (N.D. Cal. 2024) (finding that even if a plaintiff lives in California, they still must plead that they purchased the product in California).

Though there is a "strong presumption in favor of granting leave to amend," *Smith*, 262 F. Supp. 3d at 956, courts can dismiss without leave to amend if "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiencies." *Swartz v. KPMG* LLP, 476 F. 3d 756, 761 (9th Cir. 2007). Because Mr. Narayanan pled he was in Massachusetts when he purchased his laptop, he cannot, consistent with that statement, plead that he was in California when he made that purchase. Thus, this claim is DISMISSED without leave to amend.

### b. Mr. Narayanan's Magic Trackpad

Mr. Narayanan pleads that he "purchased an Apple Magic Trackpad brand new online, from Best Buy, in or about 2021." FAC ¶ 78. He does not state where he was when he made that purchase. If Mr. Narayanan purchased the trackpad in California, it would be protected by the Song-Beverly Act. *See supra* Part III.B.3.a. Thus, this claim is DISMISSED with leave to amend.

### 4. Express Warranty (Count V)

To state a claim for breach of express warranty under California law, a plaintiff must allege (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty which proximately caused the plaintiff's injury. *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986). The law is similar in Florida and Massachusetts. *See Moss v. Walgreen Co.*, 765 F. Supp. 2d 1363, 1368 (S.D. Fla. 2011) (requiring "(1) the sale of goods; (2) the express warranty; (3) breach of the warranty; (4) notice to seller of the breach; and (5) the injuries sustained by the buyer as a result of the breach of the express warranty"); *Taupier v. Davol, Inc.*, 490 F. Supp. 3d 430, 438 (D. Mass. 2020) (requiring a promise to produce a specific result, reliance, and the failure to deliver on the promise). In all three states, a plaintiff also must plead that she provided the defendant with pre-suit notice of the breach. Cal. Com. Code § 2607; Fla. Stat. § 672.607(3)(a); Mass. Gen. Laws ch. 106, § 2-607(3).

### a. Mr. Narayanan's MacBook Pro

Case No.: 5:24-cv-07286-EJD
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**
16

Mr. Narayanan alleges that Apple made several statements about the performance the MacBook Pro that constitute an express warranty. These include that the laptop was "faster and more powerful than before, yet remarkably thinner and lighter," that it had an "all-day battery life," that it is "perfectly portable, do-it-all," and that it was "about to make you fall in love all over again." FAC ¶¶ 182–83. With respect to the battery, Mr. Narayanan alleges that Apple advertised an "integrated lithium polymer battery" that would provide "the best performance for your device." *Id*. ¶¶ 184, 187. He pleads that he relied on those claims in buying his MacBook Pro. *Id.* ¶ 191. In moving to dismiss, Defendant argues that these statements are too vague to be actionable, that Apple's device warranties do not apply to batteries, and that Apple limits their warranties to one year from the date of purchase. Mot. at 14–16.

Defendant is correct: the statements Mr. Narayanan cites are, for the most part, too vague to be actionable. Most of the statements, such as that the laptop is "perfectly portable, do-it-all" or "about to make you fall in love all over again," say nothing about the specific characteristics or components of the laptop. FAC ¶¶ 182–83. They are what courts have called "all but meaningless superlatives" and cannot be the basis of a warranty. *In re Apple Processor Litig.*, No. 18-CV-00147-EJD, 2022 WL 2064975, at *7 (N.D. Cal. June 8, 2022), *aff'd*, No. 22-16164, 2023 WL 5950622 (9th Cir. Sept. 13, 2023) (citing *Consumer Advocs. v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1361 (2003)). A few of the statements, including that the laptop includes a "lithium polymer battery" and a processor that "uses low voltage for improved battery life" are more specific and could possibly be actionable. FAC ¶¶ 184–85. But Mr. Narayanan does not allege those claims were false or misleading—that the laptop did not contain such a battery or did not operate on low voltage. In sum, most of the statements do not constitute exact terms, and for those that do, Plaintiff has not adequately pled reasonable reliance or breach.

Defendant further argues that Apple expressly limits its warranties to one year after purchase. Since Mr. Narayanan started having problems with his battery over three years after he bought his laptop, it would seem he was no longer covered by the express warranty. Resisting this conclusion, Mr. Narayanan posits that the one-year limitation does not apply to latent defects.

Case No.: 5:24-cv-07286-EJD
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**
17

United States District Court
Northern District of California

Opp. at 11. But Defendant is correct: a plaintiff cannot state a claim for breach of express warranty when the alleged defect manifested after the warranty period expired. *See generally Elias v. Hewlett-Packard Company,* 903 F. Supp. 2d 843, 851 (N.D. Cal 2012). This is especially true for consumer products with limited lifespans. *See id.* (citing *In re Sony Grand Wega KDF–E A10/A20 Series Rear Projection HDTV Television Litig.,* 758 F. Supp. 2d 1077, 1099 (S.D. Cal. 2010); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig.,* 754 F. Supp. 2d 1145, 1179 (C.D. Cal. 2010); *Tietsworth v. Sears,* 720 F. Supp. 2d 1123, 1141 (N.D. Cal. 2010)). Allowing consumers to bring these suits would "eliminate term limits on warranties, effectively making them perpetual or at least for the 'useful life' of the product." *In re Sony Grand Wega*, 758 F. Supp. 2d at 1099 (citation modified).

Mr. Narayanan pleads that the alleged defect manifested in 2020, years after the one-year warranty expired. There are no facts consistent with this pleading that could bring his claim within the warranty period. Accordingly, this claim is DISMISSED without leave to amend.

**b. Mr. Narayanan's Magic Trackpad**

Mr. Narayanan alleges that Apple also made statements about the performance of his trackpad that constitute an express warranty. He alleges that Apple describes the trackpad as "wireless and rechargeable" and as "bringing more functionality to your fingertips and enabling a deeper connection to your content." FAC ¶ 39. As with his MacBook Pro, he alleges he saw these descriptions before he made his purchase. *Id.* ¶ 79. The Court finds that these statements are similar to those about the laptop: they are too vague to be actionable, and where they are not, Mr. Narayanan has failed to explain how they are false or misleading. *See supra* Part III.B.4.a.

It is possible, however, that Apple's own warranty covers the trackpad. Whether it does depends on whether the alleged issues with the trackpad arose during the one-year warranty period. Mr. Narayanan pleads that he purchased his trackpad "in or about 2021." FAC ¶ 78. He claims the trackpad "began having issues of battery swelling" "in or about early 2022." *Id.* ¶ 81. Plaintiff's pleading lacks specificity for the Court to determine whether the claim is plausible. The question of when Mr. Narayanan purchased the trackpad and when he began having problems with

Case No.: 5:24-cv-07286-EJD
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

the battery are determinative for his claim.

Here, then, the "allegation of other facts consistent with the challenged pleading"— including the date of purchase and the precise nature of the alleged performance issues—could cure Mr. Narayanan's claim. *Swartz v. KPMG* LLP, 476 F. 3d at 761. As a result, this claim is DISMISSED with leave to amend. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

### 5.  UCL (Count II) and CLRA (Count III)

The CLRA makes unlawful "unfair methods of competition and unfair or deceptive acts or practices . . . undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). The CLRA includes twenty-nine activities in its list of "unfair methods of competition and unfair or deceptive acts or practices." *Id*. § 1770. Because CLRA claims sound in fraud, Plaintiffs must meet Rule 9 pleading standards. Plaintiffs allege that Apple's advertising violated the CLRA by representing the goods to have qualities they do not have, by misrepresenting the quality of the batteries, and by advertising the laptops and trackpad with no intention of selling them as described. *See* FAC ¶ 151. Plaintiffs are thus pleading both affirmative misrepresentations and material omissions.

The UCL, meanwhile, prohibits unfair competition more broadly, banning "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiffs claim that Apple violated all three prongs: unlawful conduct, unfair conduct, and fraudulent conduct. Like CLRA claims, UCL claims are grounded in fraud and must be pled with particularity under Rule 9(b). *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Plaintiffs must also demonstrate that they purchased the products because of the deceptive advertising. *Kwikset v. Superior Court*, 51 Cal. 4th 310, 321 (2011).

In moving to dismiss, Defendant contends that Mr. Narayanan may not bring any claims under the CLRA or UCL because he "lacks the requisite California connection." Mot. at 23. In the alternative, Defendant contends that that Plaintiffs do not identify any actionable

Case No.: 5:24-cv-07286-EJD
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**
19

misrepresentations or omissions and did not adequately plead that they relied on the alleged misrepresentations. *Id.* at 17.

Because Mr. Narayanan has not pled that Apple engaged in misconduct in California, the Court only needs to address Defendant's first argument. The Supreme Court of California has held that in general, the state's laws are not presumed to be "operative . . . with respect to occurrences outside the state . . . unless such intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter, or history." *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011) (citation modified). And neither the UCL nor the CLRA applies to non-residents when the wrongful conduct occurs outside of California. *Cooper v. Simpson Strong-Tie Co., Inc.*, 460 F. Supp. 3d 894, 911 (N.D. Cal. 2020). Yet the UCL and CLRA may apply to non-residents "if those persons are harmed by wrongful conduct occurring in California." *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 916 (C.D. Cal. 2011). In considering whether the relevant conduct occurred in California, courts consider things like where the defendant does business, whether their principal offices are in California, where class members are located, and where advertising and other decisions were made. *Id.* at 917.

Here, Apple is a California corporation with its principal of business in Cupertino. FAC ¶ 13. That gives California personal jurisdiction over Apple. But the existence of personal jurisdiction over the defendant "does not alone permit application of the forum law to the claims of nonresident plaintiffs" like Mr. Narayanan. *Tidenberg v. Bidz.com, Inc.*, No. CV 085553PSGFMOX, 2009 WL 605249, at *4 (C.D. Cal. Mar. 4, 2009) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821 (1985)). For instance, in *In re Toyota*, the Central District of California dismissed the plaintiffs' UCL and CLRA claims against Toyota North America, which was headquartered in California, because they did not allege "with sufficient detail that the point of dissemination from which advertising and promotional literature that they saw . . . is California." *In re Toyota*, 785 F. Supp. 2d at 917. Here, the situation is similar: Mr. Narayanan did not plead that any of the decisions underlying the alleged misconduct were made in California.

Plaintiff failed to adequately plead that the wrongful conduct occurred in California, and so

Case No.: 5:24-cv-07286-EJD
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**
20

United States District Court
Northern District of California

the motion to dismiss Mr. Narayanan's UCL and CLRA claims is GRANTED.  But because this defect could be cured with additional facts, dismissal is with leave to amend.

### 6.  Fraud by Omission (Count VII)[3]

A plaintiff suing for fraudulent omission must show that the omission was either contrary to a representation that the defendant made or that it was something that the defendant was obligated to disclose.  *In re Apple Inc. Device Perf. Litig.*, 386 F. Supp. 3d 1155, 1175 (N.D. Cal. 2019).  A manufacturer has a duty to disclose defects that arise within the warranty period if they affect the central function of the product.  After the warranty period expires, however, a manufacturer has a duty to disclose only those defects that could cause safety issues.  *See Taleshpour v. Apple Inc.*, 549 F. Supp. 3d 1033, 1042–44 (N.D. Cal. 2021), *aff'd,* No. 21-16282, 2022 WL 1577802 (9th Cir. May 19, 2022).  Because Mr. Narayanan's laptop was out of warranty but his trackpad may not have been, the Court will analyze the fraud by omission claims for these two devices separately.

### a.  Mr. Narayanan's MacBook Pro

Mr. Narayanan's laptop was outside of the warranty period.  *See supra* Part III.B.4.a.  Thus, for there to be a duty to disclose, Mr. Narayanan must plead that Apple failed to disclose a safety issue.  To do that, he must allege (1) a design defect; (2) an unreasonable safety hazard; (3) a causal connection between the alleged defect and hazard; and (4) that the manufacturer knew of the defect at the time the sale was made.  *Apodaca v. Whirlpool Corp.*, No. SACV 13-00725 JVS, 2013 WL 6477821, at *9 (C.D. Cal. Nov. 8, 2013) (citations omitted).  The first, second, and fourth elements are at issue here.

The first element is whether Plaintiff alleged a design defect.  The FAC does not explicitly state whether the defect is one in design or manufacturing.  Defendant interprets the complaint to be about defective design.  Mot. at 15 (citing *Webb v. Special Elec. Co.*, 63 Cal. 4th 167, 180 (2016)).

---

[3] In the FAC, the fraud by omission claim is numbered Count VIII, but there is no Count VII.  For the sake of clarity, the Court has renumbered the claim here.

United States District Court
Northern District of California

Second, the parties disagree over whether there was an unreasonable safety hazard. In analyzing this element, the Court will disregard Mr. Narayanan's claim that the laptop was "unsafe to operate," FAC ¶ 71, as a conclusory allegation. *See Ashcroft*, 556 U.S. at 681. That leaves the allegations that the laptop was "overheating and was swollen," that it would not "sit flush on a flat surface," and that Apple employees "told [Mr. Narayanan] that [his] device had to be shipped by ground as the device could not be placed onto an airplane because the device was a fire risk." FAC ¶¶ 71, 73. The fact that an Apple employee told Mr. Narayanan that his device was too great a fire risk to be placed on an airplane, along with the associated inference that the device could have caught on fire while in Mr. Narayanan's possession, are sufficient at the motion to dismiss stage to presume that the laptop may have posed an unreasonable safety risk. *Cf. Birdsong v. Apple Inc.*, 590 F.3d 955 (9th Cir. 2009) (finding that the risk of an iPod playing music at a high volume was not an unreasonable safety hazard).

Third, the parties disagree over whether Apple was on pre-sale notice of the defect. Mr. Narayanan argues that online consumer complaints and the 2019 recall of a different model of laptop put Apple on notice that Mr. Narayanan's model of laptop might be defective, too. FAC ¶¶ 43–57, 90. The Court finds the number of complaints were insufficient to put Apple on notice. The Ninth Circuit has held that an "unusually high" number of complaints can put a manufacturer on notice of a problem. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1026 (9th Cir. 2017). Courts have interpreted that to mean a high number of complaints relative to the number of units sold. *See, e.g., id.* at 1026 (finding 40 or 50 complaints sufficient); *Cho v. Hyundai Motor Co.*, 636 F. Supp. 3d 1149, 1168 (finding 400 complaints over a 12-year period in which ten million vehicles were sold insufficient); *Deras v. Volkswagen Grp. Of Am., Inc.,* No. 17-cv-05452-JST, 2018 WL 2267448, at *4 (N.D. Cal. May 17, 2018) (finding 56 complaints out of hundreds of thousands of vehicles insufficient). Here, Plaintiffs cite eight CPSC complaints. FAC ¶ 52. This is not enough to consider Apple on notice of a problem with the laptop or the replacement batteries. The 2019 recall—coming two years after Mr. Narayanan purchased his MacBook Pro— also cannot have put Apple on pre-sale notice of issues with the laptop. It may, however, have

**Case No.: 5:24-cv-07286-EJD**
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

United States District Court
Northern District of California

been sufficient to put Apple on notice of issues with the replacement batteries, which Mr. Narayanan purchased in 2020 and 2024.  *See supra* Part III.B.1.a.ii.

The complaint does not plead a design defect and neither the CPSC complaints nor the recall could have put Apple on pre-sale notice of issues with the laptop.  But it is possible that the recall could have put Apple on pre-sale notice of issues with the batteries.  Because Plaintiff may be able to cure his complaint by pleading a design defect and notice for the replacement batteries, this claim is DISMISSED with leave to amend.

### b.  Mr. Narayanan's Trackpad

Two different tests govern a manufacturer's duty to disclose defects.  If the defect arises during the warranty period, it must be disclosed if it affects the central function of the product.  If the defect arises after the warranty period, it only has to be disclosed if it could cause safety issues. *See supra* Part III.B.6.

Here, it is not clear whether Mr. Narayanan's trackpad was still in the warranty period when it began having problems.  *See supra* Part III.B.4.b.  Without that information, the Court cannot know what analysis to apply.

Because Mr. Narayanan may be able to cure the defects in this claim by pleading the purchase date of his trackpad with more specificity, this claim is DISMISSED with leave to amend.

### 7.  Unjust Enrichment Based on Quasi-Contract (Count IV)

Plaintiffs sue under California, Florida, and Massachusetts law for unjust enrichment based on a theory of quasi-contract.  FAC ¶¶ 167–78.  Plaintiffs argue that they conferred a benefit on Apple when they purchased the devices, and they contend that it would be unjust for Apple to retain that benefit because the devices were defective.  *Id*.  In moving to dismiss this claim, Defendant points to case law in this district holding that a plaintiff "cannot assert a claim for unjust enrichment that is duplicative of statutory or tort claims," including UCL and CLRA claims.  Mot. at 24 (quoting *Leonhart v. Nature's Path Foods, Inc.*, No. 13-0492-EJD, 2014 WL 1338161, at *9 (N.D. Cal. Mar. 31, 2014).

Case No.: 5:24-cv-07286-EJD
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

United States District Court
Northern District of California

But the law has evolved since that case was decided. The Ninth Circuit has since held that "when a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citation modified); *see also Russell v. Walmart, Inc.*, 680 F. Supp. 3d 1130, 1132–33 (N.D. Cal. 2023) ("[B]oth the Ninth Circuit and the California Supreme Court construe California law to permit a cause of action for unjust enrichment."). That is what Plaintiffs have done here.

Moreover, Mr. Narayanan has brought his claims under Massachusetts and Florida law. Defendant offers no authority from those states to support dismissing those claims. *See* Mot. at 24; Reply at 14–15.

As a result, Defendant's motion to dismiss the unjust enrichment claims based on quasi contract is DENIED.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Apple's motion to dismiss under Rule 12(b)(6) as follows:

1. Ms. Saedi's claims for breach of implied warranty of merchantability (Count One), UCL violations (Count Two), CLRA violations (Count Three), unjust enrichment (Count Four), breach of express warranties (Count Five), Song-Beverly Act violations (Count Six) and fraud by omission (Count Seven) are dismissed WITH LEAVE to amend.

2. Mr. Narayanan's claim for breach of implied warranty of merchantability (Count One) is dismissed WITHOUT LEAVE to amend with respect to his MacBook Pro and WITH LEAVE to amend with respect to his Magic Trackpad.

3. Mr. Narayanan's claim for violations of the UCL (Count Two) is dismissed WITH LEAVE to amend with respect to both his MacBook Pro and his Magic Trackpad.

4. Mr. Narayanan's claim for violations of the CLRA (Count Three) is dismissed WITH LEAVE to amend with respect to both his MacBook Pro and his Magic Trackpad.

5. Mr. Narayanan's claim for breach of express warranties (Count Five) is dismissed

Case No.: 5:24-cv-07286-EJD
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**
24

United States District Court
Northern District of California

WITHOUT LEAVE to amend with respect to his MacBook Pro and WITH LEAVE to amend with respect to his Magic Trackpad.

6. Mr. Narayanan's claim for violations of the Song-Beverly Act (Count Six) is dismissed WITHOUT LEAVE to amend with respect to his MacBook Pro and WITH LEAVE to amend with respect to his Magic Trackpad.

7. Mr. Narayanan's claim for fraud by omission (Count Seven) is dismissed WITH LEAVE to amend with respect to both his MacBook Pro and his Magic Trackpad.

Apple's motion to dismiss Mr. Narayanan's claim for unjust enrichment is DENIED.  All dismissals in this order are without prejudice.  If Plaintiffs intend to file a second amended complaint, they shall do so within **twenty-one (21) days of this order.**

**IT IS SO ORDERED.**

Dated: February 6, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

**Case No.: 5:24-cv-07286-EJD**
**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**
25